UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOFERS LOCAL 149 SECURITY BENEFIT
TRUST FUND, ROOFERS LOCAL 149 PENSION
FUND, ROOFERS LOCAL 149 VACATION-
HOLIDAY FUND, ROOFERS LOCAL 149
APPRENTICESHIP FUND, ROOFING
INDUSTRY PROMOTION FUND,

    Plaintiffs,                                Case No. 05-60218
                                                Hon. John Corbett O'Meara

v

MILBRAND ROOFING GROUP, INC., a Michigan
Corporation, JON K. MILBRAND, Individually,
MILBRAND ROOFING COMPANY, a Michigan
Corporation, and WILLIAM RICHARDSON and
MICHAEL K. ROYE, Individually.

    Defendants.

_____/

DAVID J. SELWOCKI      (P51375)
ALAN S. HELMORE       (P14856)
SULLIVAN, WARD, ASHER, & PATTON, P.C.
Attorney For Plaintiffs
1000 Maccabees Center
25800 Northwestern Highway
P. O. Box 222
Southfield, Michigan 48037-0222
(248) 746-0700
E-mail: dwilson@swappc.com

DAYNA MILBRAND      (P24909)
Attorney For Defendant Jon K. Milbrand
And Milbrand Roofing Group, Inc.
148 S. Main Street, Suite 100-A
Mount Clemens, Michigan 48043
(586) 465-3610
E-mail: dmilbrand@sbcglobal.net

SARAH C. ARNOLD         (P52470)
GARRATT & BACHAND, P.C.
Attorney For Defendant William Richardson
74 West Long Lake Road, Suite 200
Bloomfield Hills, Michigan 48304
(248) 645-1450
E-mail: saraharnold@comcast.net

MICHAEL K. ROYE
Defendant In Pro Per
1508 Amelia
Royal Oak, Michigan 48073

_____/

### STIPULATED PROTECTIVE ORDER

Plaintiffs and Defendants Milbrand Roofing Company and Bill Richardson, through their respective counsel, hereby stipulate to the entry of this Protective Order:

**IT IS HEREBY ORDERED THAT:**

1.      This Order shall govern the use of the "Confidential Material" described herein.

2.      "Confidential Material" shall be defined as the following Milbrand Roofing Company documents:

   (i)     "Balance Sheet As Of December 31, 2004";

   (ii)    "Statements Of Income And Retained Earnings For The Year Ended December 31, 2004";

   (iii)   "Balance Sheets";

   (iv)    "Statements Of Loss And Accumulated Deficit For The Years Ended December 31, 2005 And 2004";

   (v)     "A/P Aging Quick Zoom As Of August 18, 2006";

   (vi)    federal and state tax returns;

   (vii)   Michigan single business tax returns;

    (viii) "Account Quick Report – All Transactions" dated September 6, 2006;

    (ix) "A/R Aging Summary As Of September 6, 2006";

    (x) "Deposit Detail – All Transactions";

    (xi) "Job List'"; and

    (xii) the home addresses, telephone numbers, driver's license numbers, social security numbers, and personal information of any employee, shareholder, prospective shareholder of Milbrand Roofing Company.

  3. The items listed in 2 shall be stamped "Confidential" prior to production.

  4. The "Confidential Material" shall be used by the parties' counsel and expert witnesses solely for the purpose of preparing and conducting this lawsuit and shall not be used by parties or their counsel in any other litigation or for any other purpose whatsoever absent further order of this Court.

  5. The parties to this Protective Order must give five (5) calendar days' notice to the other parties to this Protective Order before any document listed in Paragraph 2 may be shown to any non-party or used an exhibit in this proceeding. The time for non-disclosure will be extended in any party files a motion for protective order within this five (5) day period and the extended period will continue until the motion is resolved by the Court.

  6. Anyone who receives any "Confidential Material" shall take all steps necessary to prevent its inadvertent disclosure to persons other than those entitled to disclosure.

7. The parties agree to return the "Confidential Material", and any copy or copies of them that have been made, to the producing party's counsel upon completion of this lawsuit, upon written request of the producing party's counsel.

8. The parties to this Protective Order shall sign and return a copy of this Order to Defendant Milbrand Roofing Company's counsel, thereby acknowledging that such persons are bound by the restrictions of this Order under penalty of contempt of Court.

9. Any party who disseminates "Confidential Material" in violation of this Order shall be subject to sanctions as determined by the Court.

10. If any party believes that information designated as "Confidential" is not confidential information, such party may contest the Confidential designation for such documents by providing counsel with written notice as to the specific information being challenged, together with a copy of each document containing such information. Upon such a challenge, the parties shall make a good faith attempt to resolve the challenge. In the event the parties cannot resolve the disagreement, the party producing such information or documents may, following the termination of such negotiations, move for a protective order with respect to the challenged information within 10 days of the date of the challenge. If the disclosing party does not move for a protective order within 10 days of the date of the challenge, the material will no longer be deemed Confidential. Any information that is subject to a dispute as to whether it in fact contains confidential information shall, until further order of the court, be treated as Confidential in accordance with the provisions of this Order. The party asserting confidentiality shall have the burden of establishing why the information should be deemed Confidential.

11. The Court shall retain jurisdiction to enforce the terms of this Order following termination of this action.

Dated: October 6, 2006                     s/John Corbett O'Meara
                                           United States District Judge

Stipulated and agreed to:


/s/ David Selwocki with written consent 10/4/06
Counsel For Plaintiffs



/s/ Sarah Arnold (P52470)_____
Counsel For Milbrand Roofing Company
And Bill Richardson