UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOFERS LOCAL 149 SECURITY
BENEFIT TRUST FUND, *et al.,*

      Plaintiffs,                              Case No. 05-60218

v.

                                                Hon. John Corbett O'Meara

MILBRAND ROOFING GROUP, INC., *et al.,*

      Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART PLAINTIFFS'
<u>MOTION FOR SUMMARY JUDGMENT AGAINST JON K. MILBRAND</u>**

Before the court is Plaintiffs' Motion for Summary Judgment against Jon K. Milbrand, filed October 16, 2006. Defendant Jon Milbrand submitted a response on November 27, 2006. Plaintiffs filed a reply brief on November 27, 2006, and Defendant filed a supplemental brief on January 25, 2007. The court heard oral argument on March 8, 2007, and took the matter under advisement. For the reasons stated below, Plaintiffs' motion is granted in part and denied in part.

<u>**BACKGROUND FACTS**</u>

Plaintiffs are fringe benefit trust funds affiliated with Roofers Local 149. They are suing Milbrand Roofing Group, Milbrand Roofing Company, Jon K. Milbrand, William Richardson, and Michael K. Roye to recover delinquent fringe benefit contributions due under a collective bargaining agreement. Plaintiffs seek summary judgment against Jon Milbrand. Plaintiffs argue that Milbrand is the owner of Milbrand Roofing Company and that he violated his fiduciary duties under ERISA by diverting plan assets to pay other creditors. Milbrand denies that he is

the owner of Milbrand Roofing Company and asserts that he sold the company to William Richardson on July 1, 2004. A purchase agreement was drafted and signed by Milbrand, but not Richardson. Richardson denies that he purchased the company. However, documents in the record show that Richardson held himself out as the principal or president of the company beginning in 2004.

For example, as of January 1, 2005, Richardson received a certificate from the Michigan Minority Business Development Council indicating that Milbrand Roofing Company is a "certified minority business enterprise." Pl's. Ex. D.[1]  Richardson is African American; Milbrand is white. Richardson also signed a surety bond contract, effective from July 1, 2004, to July 1, 2005, as "principal" of Milbrand Roofing Company. Pl.'s Ex. E.

There is evidence that although Richardson may have purchased or controlled Milbrand Roofing Company at some point, Milbrand also controlled the company's assets during some relevant time period. The company's bookkeeper, Laurie Leffler, testified that Milbrand directed her to pay certain creditors and not others. Leffler was uncertain as to when Milbrand stopped directing her as to how to pay the bills. However, she did testify that Milbrand directed her <u>not</u> to pay the July and September 2005 fund contributions. Pl's. Ex. C at 42, 53-54, 56-57, 66-68, 95. Leffler testified that Milbrand's involvement ended sometime in 2005, although she was unsure when.

## LAW AND ANALYSIS

The issues here are whether Milbrand is an ERISA fiduciary and whether he breached his

---

[1] Attached to Plaintiffs' Response to Richardson's motion to set aside default. These documents were referred to in Milbrand's response brief, although not attached to it.

fiduciary duty. "Congress intended ERISA's definition of fiduciary 'to be broadly construed.'"

LoPresti v. Terwilliger, 126 F.3d 34, 40 (2d Cir. 1997) (citation omitted).

> Unlike the common law definition under which fiduciary status is determined by virtue of the position a person holds, ERISA's definition is functional. Section 1002(21)(A) of ERISA defines a fiduciary in several ways. In relevant part, that statute provides that a "person is a fiduciary with respect to a plan," and therefore subject to ERISA fiduciary duties, "to the extent" that he or she "exercises any authority or control respecting management *or* disposition of [plan] assets," or, "has any discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(a)(i) and (iii).

Id. (citations omitted).

In LoPresti, the court found the president of a closely held corporation to be an ERISA fiduciary where he had a role in determining which creditors to pay and when those creditors were to be paid. Id. at 40. The company president in LoPresti failed to pay fringe benefit fund contributions and paid other creditors instead. The court stated:

> [T]his Court is convinced that Donald's commingling of plan assets with the Company's general assets, and his use of those plan assets to pay Company creditors, rather than forwarding the assets to the Funds means that he "exercise[d] . . . authority or control respecting . . . disposition of [plan] assets," and hence is a fiduciary for purposes of imposing personal liability under ERISA.

LoPresti, 126 F.3d at 40. See also Operating Engineers' Local 324 Fringe Benefit Funds v. Nicolas Equip. L.L.C., 353 F. Supp.2d 851, 854-55 (E.D. Mich. 2004) (Edmunds, J.) (finding principal of company personally liable for unpaid fringe benefits because "instead of depositing the owed fringe benefit payments with the Funds, he used the money for other purposes").

Plaintiffs seeks unpaid fringe benefit contributions for July, September, and December 2005. Plaintiffs also seek an audit to determine if additional amounts are owed from July 2006

to the present. Milbrand has not specifically denied that he directed Laurie Leffler not to pay fund contributions in July and September 2005. It is unclear from Leffler's testimony and the rest of the record, however, whether Milbrand exercised any such control over company assets in December 2005 and thereafter. At some point, it appears that Richardson may have been in control, or that Richardson and Milbrand may have controlled the company jointly.

Because it appears uncontroverted that Milbrand exercised control over plan assets in July and September 2005 by directing the bookkeeper not to pay the contributions, the court finds that Milbrand was an ERISA fiduciary and breached his fiduciary duty with respect to that time period. Plaintiffs have not clearly established that Milbrand exercised that kind of control over plan assets in December 2005 and thereafter, however. Milbrand may have been in control, but Plaintiffs have not met their burden on this issue for the purposes of summary judgment.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' October 16, 2006 motion for summary judgment is GRANTED IN PART and DENIED IN PART, consistent with this opinion and order.

s/John Corbett O'Meara  
United States District Judge

Dated: March 14, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 15, 2007, by electronic or ordinary mail.

                                              s/William Barkholz
                                              Courtroom Deputy Clerk