UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOFERS LOCAL 149 SECURITY BENEFIT
TRUST FUND, ROOFERS LOCAL 149 PENSION
FUND, ROOFERS LOCAL 149 VACATION HOLIDAY
FUND, ROOFERS LOCAL 149APPRENTICESHIP FUND,
ROOFING INDUSTRY PROMOTION FUND,

                  Plaintiffs,        Case No. : 05-CV-60218

                                       HONORABLE JOHN CORBETT O'MEARA
v.                                   MAGISTRATE JUDGE STEVEN D. PEPE

MILBRAND ROOFING GROUP, INC., A MICHIGAN
CORPORATION, JON K. MILBRAND, INDIVIDUALLY,
MILBRAND ROOFING COMPANY, A MICHIGAN
CORPORATION, JKM ROOFING COMPANY, A
MICHIGAN CORPORATION, WILLIAM RICHARDSON
AND MICHAEL K. ROYE, INDIVIDUALLY,

                  Defendants.
_____/

**ORDER GRANTING ALTERNATE RELIEF ON (1.) DEFENDANTS JON K. MILBRAND, JKM ROOFING & MILBRAND ROOFING GROUP'S MOTION FOR ORDER TO SHOW CAUSE (DKT. #226),
AND
NOTICE TO AR-RITA GLOSSON AND TO EXECUTIVE MANAGEMENT CO.
AND
ORDER DENYING BOTH
(2.) PLAINTIFFS' MOTION TO COMPEL COMPLIANCE WITH COURT'S ORDER (DKT. #227), &
(3.) DEFENDANT RICHARDSON'S MOTION FOR CONTEMPT OF DAYNA MILBRAND (DKT. #228)**

(1.)   Defendants Jon K. Milbrand, JKM Roofing & Milbrand Roofing Group's Motion for Order to Show Cause (Dkt. #226)

    Defendants Jon K. Milbrand, JKM Roofing and Milbrand Roofing Group ("Milbrand

Defendants") served subpoenas for various documents on (1) Ar-Rita Glosson, (2) Executive

1

Management Co., and (3) Roofers' Local 149.  These third parties have not complied with the subpoenas and the Milbrand Defendants filed a motion seeking an order to show cause why each should not be held in contempt of court under Fed. R. Civ. P. 45(d).  Counsel for the Milbrand Defendants indicates that each of these third parties was given a copy of the motion, but did not get formal notice of the hearing date.  None of them filed any response to the motion that would have alerted my case manager to notify them as to the hearing date and time.

Attachments to the motion make a *prima facie* showing of proper service of each subpoena, though counsel for Defendant William Richardson indicated at the hearing some question regarding service on Ar-Rita Glosson and on Executive Management Co.  Questions were raised by counsel for Plaintiffs and Defendant William Richardson as to the scope and relevance of many of the documents and their availability from other sources or whether they were already in the possession of the Milbrand Defendants or counsel.

Plaintiffs' counsel noted that many of the items sought from Roofers' Local 149 had been provided, and the first five pages of various collective bargaining agreements would be produced.  Thus, it is determined that based on these representations, no further production is required from Roofers' Local 149.

Before considering any citation for contempt regarding Ar-Rita Glosson and or Executive Management Co., it was determined that a more narrow order be issued to these third parties.  Unjustified failure to comply with such an order might warrant a finding of contempt.

# NOTICE TO AR-RITA GLOSSON

**IT IS ORDERED** that on or before September 28, 2007, Ar-Rita Glosson provide to Dayna Milbrand, 148 S. Main Street, Suite 100-A, MOUNT CLEMENS, MI 48043:

> A. A copy of her Notary Log from 2004 to present. If any redactions are made (and they cannot involve Bill Richardson or Lisa Richardson), copies of the portions redacted (in unredacted form) shall be provided to the undersigned by mail to P.O. Box 7150, Ann Arbor, MI 48107.
>
> B. A copy of any writings in her possession on which she notarized the signature of Bill Richardson and/or Lisa Richardson or a copy of any writings in her possession on which she notarized the signature of anyone she knew to be acting on behalf of Bill Richardson and/or Lisa Richardson.

If Ar-Rita Glosson is not in possession of any of the items noted above, she shall sign a declaration under penalties of perjury pursuant to 28 U.S.C. § 1746 [1] stating that fact and provide

---

[1] 28 U.S.C. § 1746. **Unsworn declarations under penalty of perjury:**

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

> (1) If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
>
> (Signature)".
>
> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

that declaration to Dayna Milbrand.

# NOTICE TO EXECUTIVE MANAGEMENT CO.

**IT IS FURTHER ORDERED** that on or before September 28, 2007, Executive Management Co., through an appropriate agent, provide to Dayna Milbrand, 148 S. Main Street, Suite 100-A, MOUNT CLEMENS, MI 48043:

> A. A copy of any document signed by Bill Richardson or Lisa Richardson that relates to (i.) the formation of any joint venture of Milbrand Roofing Company with Executive Management Co., or (ii.) the preparation or submission of a bid for work on the Great Lakes Naval Facility or similarly named government facility or (iii.) any document signed by Bill Richardson or Lisa Richardson related to any contract on that bid but excluding any documents related to the execution of any such contract.

If Executive Management Co. is not in possession of any of the items noted above, Executive Management Co., through an appropriate agent, shall sign a declaration under penalties of perjury pursuant to 28 U.S.C. § 1746 stating that fact and provide that declaration to Dayna Milbrand.

> A copy of this order shall be served by the Clerk of Court by first class mail on:
>
> (i.) Ar-Rita Glosson addressed to her c/o Harvard Engineering, 146 Broadway, DETROIT, MI . 48226; and
>
> (ii.) Executive Management Co. addressed to Executive Management Co., 16216 W. Seven Mile Road, DETROIT, MI 48235-2905.

(2.)  <u>Plaintiffs' Motion to Compel Compliance With Court's Order ( Dkt. #227 )</u>

Plaintiffs filed a motion for an order to compel compliance with an August 2, 2007,

4

Order of this Court (Dkt. #218). Plaintiffs indicate in their statement of resolved and unresolved issues that "most of the documents requested have now been provided, however, not in a timely fashion." They seek sanctions, including attorney fees, for their having to have filed a second motion to gain compliance with their discovery requests.

While nearly all of the discovery ordered produced on August 2 was *not* produced within the time frame ordered, the primary failing dealt with the failure to comply with paragraph 2 of the August 2 Order which read:

> On or before August 17, 2007, Defendants Jon K. Milbrand and JKM Roofing shall provide a list of all jobs undertaken from July 2004 through the present that did not involve single family homes . The list shall include the specific or approximate date and location of each such job, the customer name, and the type of work performed.

The original discovery request did not ask for jobs that did not involve single family houses, but rather all jobs undertaken from July 2004, and requested a specific or approximate date and location of each job, the customer name and the type of work performed. At the August 2 hearing it was noted that the type of work for all jobs was shingle roofing.

While interrogatory #2 to both Jon Milbrand and to JKM Roofing sought the percentage of single family houses that were roofed by JKM Roofing, Jon Milbrand responded the jobs were not so categorized (Exhibit C. & D. To Dkt. #188).

Jon Milbrand sought to be tied into the telephonic hearing on August 2, but it was not possible without a substantial delay in the proceeding, thus the hearing took place without his involvement. During the hearing, the issue of providing the data noted above on single family houses was discussed, and Mr. Milbrand's attorney was unaware of the time and effort needed to obtain the information in a complete and reliable manner. JKM Roofing does not keep records on which of its residential roofing jobs are single family homes, and which duplexes are larger

5

attached condominiums.  It was determined that the number of jobs involved in the time period approached 1,000.  At the September 13 hearing, Jon Milbrand detailed the efforts he undertook to comply with paragraph 2, which involved converting electronic data to Excel format to provide it to Plaintiffs' counsel in that format.  He also noted his inability without substantial additional time and assistance to identify with confidence the jobs that were on single family homes, as opposed to duplexes or larger residential units or what he acknowledged was JKM Roofing's smaller number of non-residential jobs.  These representations on this one issue regarding segregating the jobs by category of housing appeared to have been made in good faith.

Had all of this information regarding the relative difficulty of identifying which of JKM Roofing's jobs were for single family units, it might have been that the August 2 Order would have allowed a response to the interrogatory under Fed. R. Civ. P. 33(d).  It may be that, if compensated for his time, Defendant Roye could make the appropriate identifications.  Given the complexity and relative burdensomeness of such an undertaking, it was determined at the September 13 hearing, with the consent of counsel for Plaintiffs, that this discovery be deferred, and it is recommended that the Court bifurcate and determine the question of liability of JKM Roofing before the need to complete discovery on and determining the amount of that liability to each Plaintiff.

While the other compliance with the August 2 order was not timely, this matter regarding paragraph 2 would, of necessity, have had to be addressed by the Court.  Indeed, counsel for the Milbrand Defendants has filed a motion seeking relief from the August 2 order because of these problems (Dkt #249).  Thus, a portion of the time and effort on today's motions would have had to be expended regardless.  Thus, the sanctions sought by Plaintiffs' counsel are being denied at

6

this time. The Milbrand Defendants and their counsel are put on notice that this is the second occasion on which sanctions could have been awarded. Also, if it is determined that JKM Roofing is liable, its legal obligations regarding the keeping of proper records to fulfill its legal obligations under EIRSA will likely attach, as well as additional obligations regarding the payment of attorney's fees to the prevailing party.

(3.) <u>Defendant Richardson's Motion for Contempt of Dayna Milbrand (Dkt. #228)</u>

Defendant Richardson has filed a August 31, 2007, motion to hold Dayna Milbrand in contempt of court for her failing to comply with the August 2 order. This raises the bar a notch from Plaintiffs' more timid motion merely for an order to force compliance and for sanctions. Specifically, Defendant Richardson's motion deals with paragraphs 3 and 4 of that order:

> 3.) On or before August 10, 2007, the Defendants represented by Dayna Milbrand shall provide access to the 2971 Bellevue office so Plaintiffs' Counsel can obtain the computer believed to be used by Laurie Leffler. Defendant Michael Roye shall accompany Plaintiffs' Counsel in order to identify the computer. Plaintiffs' Counsel shall provide the name and location of the computer forensic expert who will examine the computer and shall provide any relevant information obtained from the computer to the other parties.
>
> 4.) On or before August 17, 2007, Ms. Dayna Milbrand shall grant Ms. Sarah Arnold and Mr. David Selwocki access to her office in order to review the documents provided to Ms. Milbrand by Mr. Donald Molosky regarding this case. Prior to this visit Ms. Milbrand shall review the documents that Mr. Molosky categorized as privileged in order to determine if she wishes to assert privilege. Ms. Milbrand shall provide Ms. Arnold and Mr. Selwocki with a privilege log of any documents she deemed to be privileged. [footnote omitted]

Regarding access to the Molosky documents, Ms. Milbrand stated at the September 13 hearing that she did prepare the privilege log which took a substantial period of time and that the documents were made available on August 24, which was a week after the date stated in the Order. She also noted she had the material selected by Defendant Richardson's attorney copied

7

for her.  While Ms. Milbrand's compliance might have been more timely, her failings hardly warrant a finding of contempt.

Regarding access to the Bellevue office, Ms. Milbrand indicated that she did offer access on August 2 and 3, though no one at the hearing could say why neither of those dates were selected.   At the August 2 hearing, Ms. Milbrand indicated she was going to be away in early August but others could provide access to the Bellevue office while she was gone and she did not need to be there.  This was the reason the order in paragraph 3 was worded "the Defendants represented by Dayna Milbrand shall provide access."   A more direct wording would have been "Jon Milbrand shall provide access."   There was a dispute as to who was to contact whom as to dates, who was to designate dates first, and whether any attorney could ethically contact Mr. Milbrand directly because of M.R. P. C. 4.2.

Needless to say, no one at the August 2 hearing, or afterwards, raised the issue of whether communications with Mr. Milbrand to arrange for a time to open the Bellevue office involved communications "about the subject of the representation" of Mr. Milbrand by Ms. Milbrand.  Had it been raised, the ruling would have been that it clearly did not and this limited tangential contact was permitted within the scope of the order.  Had Ms. Milband been asked by any of the other attorneys if it was permissible to contact Mr. Milbrand to gain access to the Bellevue office during her absence, that would surely have been expressly authorized.  While the communications on both sides could have been better to have resolved this "problem" prior to September 6, when the inspection of the Bellevue office occurred, paragraph 3, unlike paragraph 4 of the August 2 order, did not require Ms. Dayna Milbrand to do anything.  Nor is there any indication that her actions were so obstructionist to gaining access to the Bellevue office to

8

warrant a finding of contempt.  Thus, Defendant Richardson's motion is **DENIED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1),  Fed. R. Civ. P. 72(b) and LR 72.1(d).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED**.

ADDENDUM: All of the attorneys, and likely their clients,  have been frustrated and aggravated by the added, commonly unnecessary and avoidable time involved in proceeding with discovery in this case.   The undersigned shares those feelings.  The preparation for today's hearing last night, the hearing this morning, the drafting of this Order this afternoon, and now into what at 6:15 pm is technically evening, has consumed over nine hours in what has not been the most satisfying undertaking for becoming a judge.

Dated: September 13, 2007　　　　　　　　　　s/Steven D. Pepe
Flint, Michigan　　　　　　　　　　　　　　　United States Magistrate Judge

CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2007, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Sarah C. Arnold, Michael J. Asher, Mark W. Jane, Dayna Milbrand, David J. Selwocki, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: Milbrand Roofing Co., c/o Michael K. Roye, 2971 Bellevue St., Detroit, MI 48207, Michael K. Roye, 1508 Amelia, Royal Oak, MI 48073, Ar-Rita Glosson, c/o Harvard Engineering, 146 Broadway, Detroit, MI 48226, Executive Management Co., 16216 W.Seven Mile Rd., Detroit, MI 48235-2905

    s/ James P. Peltier
    Courtroom Deputy Clerk
    U.S. District Court
    600 Church St.
    Flint, MI 48502
    810-341-7850
    pete_peltier@mied.uscourts.gov